## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| Denny Bingham,<br><br>                                    Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Co.,<br><br>                                    Defendant. | Case No. _____<br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

## INTRODUCTION

1.      Union Pacific Railroad Co. has engaged in a pattern and practice of discriminating against employees who suffer from disabilities, in violation of the Americans with Disabilities Acts, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, *et seq*. ("ADA"). *See*, *e.g.*, *Harris v. Union Pacific Railroad Co.*, No. 8:16-cv-381, Memorandum and Order, Dkt. 307 (D. Neb. Feb. 4, 2019). This includes against Denny Bingham, who Union Pacific has effectively terminated for unsubstantiated concerns regarding my risk of sudden incapacitation.

## PARTIES

2.      Bingham is an individual who resides and worked for Union Pacific in this district.

3.      Union Pacific is a railroad carrier engaged in interstate commerce, including in this district, where it is also headquartered.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

1

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Union Pacific is headquartered in this district and because a substantial part of the events or omissions giving rise to Bingham's claims occurred in this district.

## FACTUAL ALLEGATIONS

6.      Bingham worked for Union Pacific from 2005 to the incident at issue in this case.

7.      At the time of the incident at issue in this case, Bingham was a general foreman.

8.      On May 2, 2019, Bingham suffered an acute ischemic stroke.

9.      By June 10, 2019, Bingham's doctors cleared him to return to work without restrictions.

10.     Union Pacific, however, claimed that Bingham's stroke put him at an unacceptably high risk of suddenly losing consciousness while at work, which it said puts him an unacceptably high risk of seriously injuring himself or others, and issued restrictions against him.

11.     Part and parcel with issuing the restrictions against Bingham, Union Pacific told him that it could not accommodate them.

12.     Union Pacific's bases its claim—that Bingham's stroke put him at an unacceptably high risk of suddenly losing consciousness—on guidance applicable to the Federal Motor Carrier Safety Act

13.     The guidance was withdrawn before Union Pacific issued the restrictions against Bingham.

14.     Union Pacific knew the guidance had been withdrawn when it issued the

2

restrictions against Bingham.

15.     Even had the guidance not been withdrawn, it makes little sense to apply guidelines applicable to determining whether someone can drive a commercial vehicle to determine whether someone can be a general foreman.

16.     Furthermore, Union Pacific misapplies guidelines. The guidelines do not, in fact, support that Bingham is at an unacceptably high risk of losing consciousness.

## CAUSES OF ACTION

### COUNT I
### DISABILITY DISCRIMINATION, IN VIOLATION OF THE ADA

17.     Section 12112(a) of the ADA prohibits employers from discriminating against a qualified individual on the basis of "disability" in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

18.     At all relevant times, Bingham was an individual with a "disability" under each of the ADA's three definitions of the term.

19.     Bingham is a qualified individual under the ADA.

20.     Union Pacific discriminated against Bingham on the basis of disability when it effectively terminated him.

21.     Because Union Pacific violated 42 U.S.C. § 12112, Bingham has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Bingham is also entitled to attorneys' fees and costs incurred in connection with these claims.

22.     Union Pacific committed the above-alleged acts with reckless or deliberate disregard for Bingham's rights. As a result, Bingham is entitled to punitive damages.

## COUNT II
## FAILURE TO ACCOMODATE, IN VIOLATION OF THE ADA

23.     At all relevant times, Bingham was an individual with a "disability" under of the ADA's three definitions of the term.

24.     Union Pacific was aware of Bingham's disability.

25.     Discriminating against a qualified individual with a disability includes:

[N]ot making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]

42 .S.C. § 12112(b)(5)(A).

43     If Union Pacific believed that Bingham's disability prevented him from performing any essential function of his job, it had a duty to explore whether a reasonable accommodation existed that would allow Bingham to perform the essential functions of his job.

44     Union Pacific failed to engage with Bingham in the interactive process, and failed to offer reasonable accommodation to Bingham.

45     Because Union Pacific violated 42 U.S.C. § 12112, Bingham has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Bingham is also entitled to attorneys' fees and costs incurred in connection with these claims.

46     Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Bingham's rights and safety. As a result, Bingham is entitled to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Bingham prays for judgment against Union Pacific as follows:

47      That the practices of Union Pacific complained of herein be determined and adjudged to constitute violations of the ADA;

48      For an injunction against Union Pacific and its directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

49      For an award of damages arising from loss of past and future income and benefits, emotional distress, in an amount to be determined by the trier of fact;

50      For the maximum amount of compensatory damages allowed by statute;

51      For the maximum amount of punitive damages allowed by statute;

52      For an award of pre-judgment interest, as provided by law;

53      For an award of Bingham's costs, disbursements and attorneys' fees pursuant to law;

54      For all relief available under the ADA;

55      For such other and further relief available by statute; and

56      For such other and further relief as the Court deems just and equitable.

Dated: April 2, 2022

**PLAINTIFF'S COUNSEL**

s/ *Nicholas D. Thompson*
Nicholas D. Thompson (MN389609)
Casey Jones Law
3520 Cherryvale Avenue, Suite 83
Appleton, WI 54913
Phone: (757) 477-0991
Email: nthompson@caseyjones.law