IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENNY BINGHAM,<br><br>    Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>    Defendant. | 8:22–CV–118<br><br>MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION |

  Plaintiff Denny Bingham has filed a Motion asking this Court to reconsider the Summary Judgment Order it entered in favor of Union Pacific. Filing 59 at 31. The Court issued a Memorandum and Order explaining why it was granting Union Pacific's Motion for Summary Judgment on September 22, 2023. Filing 57. The Court subsequently issued Judgment in Union Pacific's favor on September 25, 2023. Filing 58. The Court's Summary Judgment Order was case-dispositive and resolved all claims. Filing 57 at 44; Filing 58 at 1.

  Bingham filed his Motion for Reconsideration on October 23, 2023—thereby submitting it to the Court within the 28-day deadline set forth in Rule 59 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e). Union Pacific responded on October 31, 2023, with a brief in opposition to reconsideration. Filing 63. Bingham did not file a reply brief, and the matter is now fully submitted. For the following reasons, as well as those explained in the Court's prior Memorandum and Order granting summary judgment, Bingham's Motion for Reconsideration is denied. The Court's prior Memorandum and Order, Filing 57, and Judgment, Filing 58, remain in effect.

1

## I. BACKGROUND

For purposes of ruling on this Motion for Reconsideration, the Court relies on and incorporates the facts discussed in its prior Memorandum and Order. *See generally* Filing 57.[1] However, the Court will briefly reiterate the nature of the case. Bingham filed suit against his former employer, Union Pacific, under the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act of 2008, 42 U.S.C. § 12101, *et seq*. (ADA). Filing 1 at 1–4. While employed at Union Pacific, Bingham suffered an acute ischemic stroke on May 2, 2019. Filing 1 at 2; Filing 7 at 2. Bingham alleged that as a result of his stroke and Union Pacific's failure to abide by the ADA, he was "effectively terminated for unsubstantiated concerns regarding [his] risk of sudden incapacitation." Filing 1 at 1. He filed suit in this Court asserting "that Union Pacific intentionally discriminated against him on the basis of disability and failed to grant him a reasonable accommodation." Filing 46 at 55 (¶133). Count I of Bingham's Complaint alleged a disparate treatment claim while Count II of his Complaint alleged a failure to accommodate claim. Filing 1 at 3–4. The Court granted summary judgment in Union Pacific's favor on several different bases. *See generally* Filing 57 at 10–44. Specifically, the Court concluded that Bingham did not have an actual disability, a record of disability, nor was he regarded as disabled. *See* Filing 57 at 11–27. The Court alternatively concluded that even if Bingham did have an actual disability, a record of disability, or was regarded as disabled, he still could not go forward on his disparate treatment claim in Count I both because he failed to demonstrate pretext under the *McDonnell Douglas* burden shifting framework and also because Union Pacific met its burden of proving the "direct threat" affirmative defense. *See* Filing 57 at 27.

---

[1] The Court's Memorandum and Order, Filing 57, also appears at *Bingham v. Union Pac. R.R. Co.*, No. 8:22-CV-118, 2023 WL 6196875 (D. Neb. Sept. 22, 2023).

## II. LEGAL ANALYSIS

### A. Rule 59 Standards

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (citation omitted). Bingham asks that his Motion to Reconsider be construed under Rule 59(e). Filing 59 at 5. The Court agrees that Rule 59(e), rather than Rule 60(b), applies here because Bingham seeks reconsideration of a final judgment. *See Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 (8th Cir. 2021) (noting that Rule 59(e) "has a 28-day time limit and is reserved for final judgments"). The Eighth Circuit has expressed that district courts have considerable discretion in deciding whether to grant such motions. *See SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019) ("A district court has wide discretion over whether to grant a motion for reconsideration of a prior order"); *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) ("A district court has broad discretion in determining whether to grant or deny a motion to alter or amend a judgment pursuant to Rule 59(e)").

"Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). As the Seventh Circuit has put it, "A 'manifest error' occurs when the district court commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Burrit v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015)

(quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Several district courts within the Eighth Circuit have applied this same standard in assessing what constitutes a "manifest error." *See e.g.*, *Wakefield v. Colvin*, 185 F. Supp. 3d 1107, 1108 (S.D. Iowa 2016); *Abernathy v. White*, No. 4:19-CV-00009-NAB, 2020 WL 4596870, at *2 (E.D. Mo. Aug. 11, 2020); *Lisa W. v. Kijakazi*, No. 20-CV-1634 (DTS), 2022 WL 4289040, at *6 (D. Minn. July 20, 2022).

### B. SUMMARY OF CONCLUSIONS

Bingham has neither cited nor offered any newly discovered evidence in support of his Motion for Reconsideration. *See generally* Filing 59. Thus, Rule 59(e) only permits the Court to grant Bingham the relief he seeks if the Court determines that its summary judgment ruling was predicated on a manifest error or law or fact. *Ryan*, 889 F.3d at 507. Bingham has failed to point to any such error bearing on the Court's summary judgment determination—much less a "manifest" one. *Cf. Lisa W.*, 2022 WL 4289040, at *6 ("Even if this Court had committed error, the circumstances of this case do not establish a 'manifest error of law' requiring the Court to alter or amend the judgment"). While Bingham argues that the Court's entry of summary judgment amounts to "an error of law predicated on employing the wrong framework and ignoring relevant facts[,]" Filing 59 at 9, at no point in his Motion does he actually contend the Court committed a "manifest" error of law or fact as required under Rule 59(e). *See generally* Filing 59. Moreover, and although this is made clear in the Court's original Order, the Court granted summary judgment in Union Pacific's favor on several alternative bases. In order for Bingham to prevail on this Motion for Reconsideration, he would therefore need to show that the Court manifestly erred on every basis the Court relied upon in granting summary judgment. For the reasons explained in further detail below, he has not done so.

*1. The Court Will Not Reconsider its Disability Determination*

The Court will begin by addressing Bingham's claim that it erred in concluding Bingham was not "disabled" as that term is understood within the context of the ADA. *See* Filing 59 at 14–20. Bingham argues that he qualifies as "disabled under each of the ADA's three definitions." Filing 59 at 15. That is, Bingham argues that he (1) qualifies as actually disabled, (2) has a record of disability, and (3) was regarded as disabled. Filing 59 at 14–20. The Court addressed this same exact matter over the course of 15 pages in its original Order and concluded otherwise. *See* Filing 13–27. The Court has considered the matters Bingham raises in his Motion for Reconsideration and does not find that any of his arguments merit the relief he seeks under the standards applicable to Rule 59(e).

    a. Bingham is Not Actually Disabled

With respect to his argument that he is "actually disabled," Bingham does little more than regurgitate his prior position and express disagreement with the Court's ruling. *Compare* Filing 42 at 11–13 *with* Filing 59 at 16–17. That is not a valid basis for seeking reconsideration. *See Voss v. House. Auth. of the City of Magnolia, Arkansas*, 917 F.3d 618, 626 n.6 (8th Cir. 2019) (summarizing its prior decision in *Schoffstall v. Henderson*, 22 F.3d 818, 827 (8th Cir. 2000) as "holding the district court did not abuse its discretion in denying a Rule 59(e) motion which merely restated arguments made in opposition to summary judgment"). Indeed, given the standards that govern Rule 59(e) motions, Bingham's claim that this Court should reconsider its "actual disability" determination is wholly without merit. In his Motion for Reconsideration, Bingham admits "that he has completely recovered from his stroke and is in no way limited by it, which would mean he is not actually currently disabled." Filing 59 at 17. The Court will not grant reconsideration on this basis.

b. Bingham Does Not Have a Record of Disability

Bingham's argument that this Court should reconsider whether he has a "record of disability" also lacks merit. The Court's original Order expressly noted that Bingham did not "identify a major life activity that was impacted by his stroke before he was, in his words, 'effectively terminated[.]'" Filing 57 at 20 (alteration in original). The Court went on to explain that it was "difficult to see how Bingham could argue that a major life activity of his had been impacted given his admission that he 'recovered completely' from this 'minor stroke' within a matter of weeks and 'could perform any activity that any ordinary person might[.]'" Filing 57 at 20 (quoting Filing 42 at 4). Bingham has presented nothing in his Motion for Reconsideration that causes the Court to question its original determination.

Indeed, the best case Bingham can muster in support of his Motion for Reconsideration is *Equal Emp. Opportunity Comm'n v. UPS Ground Freight, Inc.*, 443 F. Supp. 3d 1270 (D. Kan. 2020). *See* Filing 59 at 18. His reliance on this case is misplaced—particularly in the context of a Rule 59(e) Motion. *UPS* is hardly controlling; it was decided by a district court in a different circuit. Whatever persuasive value this case may have, the Court's failure to follow it does not constitute a "manifest error" of law because it does not serve as controlling precedent. *See Burrit*, 807 F.3d at 253; *Wakefield*, 185 F. Supp. 3d at 1108; *Lisa W.*, 2022 WL 4289040, at *6. In any event, *UPS* is factually distinguishable from Bingham's set of circumstances. As the court in that case observed, the evidence was such that a reasonable jury could conclude the stroke sufferer was substantially limited in the major life activities of self-care, eating, writing, lifting, and gripping." *UPS*, 443 F. Supp. 3d at 1284–85. That is precisely the type of evidence Bingham failed to point to in this case—even though it was his burden to do so. *See* Filing 57 at 19–20. Accordingly, the Court adheres to its original determination on the matter.

      c. Union Pacific Did Not Regard Bingham as Disabled

   Turning finally to the claim that Union Pacific "regarded" him as disabled, Bingham once again does little more than repeat the same refrain he made in his original opposition brief. *Compare* Filing 42 at 12–13 *with* Filing 59 at 18–20. He specifically faults this Court for finding a recent case decided in the Southern District of Iowa to be persuasive. *See Jackson v. Union Pac. R.R. Co.*, No. 419CV00069RGERAW, 2021 WL 1726895 (S.D. Iowa Mar. 29, 2021); Filing 57 at 25; Filing 59 at 20. Without any substantive analysis or discussion of this case, Bingham boldly claims, "That case was as wrong when it was decided as it is today, for all the above-discussed reasons." Filing 59 at 20. Counsel for Bingham may disagree with the *Jackson* decision, but the fact that this Court's analysis largely tracks with the *Jackson* court's analysis significantly undermines the notion that this Court committed a "manifest error" of law when it agreed with another court's resolution of a similar case.[2] Indeed, the only controlling case Bingham cites in this portion of his Motion for Reconsideration is *Morriss v. BSNF Ry. Co.*, 817 F.3d 1104 (8th Cir. 2016). Filing 59 at 20. The Court previously addressed the *Morriss* case at several different points in its original Order. *See* Filing 57 at 12, 13, 23, 24, 25, 26. While Bingham submits that *Morriss* supports his position rather than Union Pacific, this is simply a rehash of what he previously argued. *See* Filing 42 at 13 (Bingham arguing in a footnote that *Morriss* was distinguishable from his case). Bingham neither alleges nor demonstrates that this Court disregarded or misapplied this case "wholesale." *See Burrit,* 807 F.3d at 253. He has therefore failed to establish he is entitled to the relief he seeks under Rule 59(e).

---

[2] For as much as Bingham's counsel takes issue with the *Jackson* decision, the Court would have expected him to articulate why that case "was as wrong when it was decided as it is today" with a greater degree of specificity given that Bingham's counsel served as counsel for the plaintiff in *Jackson* as well. *See* Filing 57 at 16 n.16 (noting that although "the plaintiff in *Jackson* initially appealed the district court's Order to the Eighth Circuit, the plaintiff moved to dismiss the case on the day before oral argument was set to take place").

*2. The Court Will Not Reconsider its Determination that* McDonnell Douglas *Applies*

Bingham's Motion for Reconsideration also takes issue with the Court's application of the *McDonnell Douglas* burden-shifting framework—one of the alternative bases upon which the Court determined that Union Pacific was entitled to summary judgment on Count I. *See* Filing 57 at 27–33; Filing 59 at 20–29. Here again Bingham has failed to demonstrate that the Court's analysis in this regard was predicated upon a "manifest" error of law or fact, and he is therefore not entitled to the relief he seeks pursuant to Rule 59(e). *See Ryan*, 889 F.3d at 507.

    a. *McDonell Douglas* Applies

Bingham first argues that the *McDonnell Douglas* framework does not apply to his case. Filing 59 at 20–22. He made this same argument previously—and the Court rejected it. *See* Filing 42 at 7–11; Filing 57 at 28–33. As the Court said in its prior Order,

> Having considered Eighth Circuit precedent and other district court decisions that have applied it, the undersigned judge concludes that the *McDonnell Douglas* burden shifting framework applies because Bingham has not offered "evidence that establishes a specific link between alleged discriminatory animus and an adverse action of such causal strength that the [he] can forgo the burden-shifting framework."

Filing 57 at 29–30 (quoting *Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 756 n.3).

Bingham does not cite a single controlling case in this portion of his Motion—much less a controlling case that suggests the Court reached the wrong conclusion in this regard. As the Court acknowledged in its prior Order, one judge in the District of Nebraska has found the *McDonnell Douglas* burden shifting framework does not apply in situations like these whereas other district courts in the Eighth Circuit have concluded otherwise and found that it does indeed apply. *See* Filing 57 at 28–29. It does not matter that the undersigned rejected the position taken by a fellow judge within the District of Nebraska and agreed with the position taken by other district court judges within the Eighth Circuit on this issue. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)

("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation omitted)). This Court's consideration of Eighth Circuit precedent and other authorities led it to conclude that the *McDonnell Douglas* burden shifting framework applied, and Bingham has pointed to nothing establishing that this conclusion was the product of a manifest error of law or fact. As such, reconsideration on this basis is unwarranted.

      b.  Bingham Cannot Prevail on Count I because *McDonnell Douglas* Applies

Bingham alternatively argues that even if the *McDonnell Douglas* burden shifting framework applies, the Court misapplied it. Filing 59 at 22. In its original Order, the Court concluded that Union Pacific articulated a legitimate, nondiscriminatory reason for its actions—*i.e.*, its reasonable concern regarding Bingham's ability to safely perform his job. Filing 57 at 30–31. The Court then determined that Bingham failed to satisfy his burden of showing that Union Pacific's proffered, nondiscriminatory reason was pretextual. *See* Filing 57 at 31–33. In his Motion for Reconsideration, Bingham claims that he "offered a cornucopia of evidence demonstrating that Union Pacific's proffered explanation has no basis in fact." Filing 59 at 28. To put it bluntly, no he did not. As the Court explained in its prior Order, "it is difficult to see how [Bingham] could [argue the existence of pretext] given that during his deposition he said he did not believe Union Pacific 'had it out for' him or 'wanted to get rid of' him." Filing 57 at 32 (citing Filing 40-2 at 71). The Court also explained in its prior Order that Bingham never argued "that Union Pacific '(1) failed to follow its own policies, (2) treated similarly situated employees in a disparate manner, or (3) shifted its explanation of the employment decision.'" Filing 57 at 32 (quoting *Winters v. Deere & Co.*, 63 F.4th 685, 690 (8th Cir. 2023)). In sum, Bingham's Motion for Reconsideration on this front is baseless.

### 3. *The Court Will Not Reconsider its Direct Threat Determination*

Bingham concludes his Motion for Reconsideration by arguing that Union Pacific did not prove he constituted a direct threat. Filing 59 at 29–31.[3] In its original Order, the Court determined that Union Pacific was "entitled to summary judgment on Count I because it has established that Bingham posed a direct threat based on his increased risk of suffering a sudden incapacitating event." Filing 57 at 34. This served as yet another independent and alternative basis for granting summary judgment in Union Pacific's favor on Bingham's disparate treatment claim. *See* Filing 57 at 44. Bingham has failed to convince the Court that it erred—manifestly or otherwise—in reaching this conclusion.

Relying primarily on a Ninth Circuit panel decision—one that was decided by a vote of 2-1 over 20 years ago—Bingham argues that Union Pacific failed to prove he poses a significant risk of substantial harm. Filing 59 at 10–13 (repeatedly citing *Echazabal v. Chevron USA, Inc.*, 336 F.3d 1023 (9th Cir. 2003)). The Court has considered this non-controlling case and Bingham's lengthy discussion of it in his Motion. Having done so, the Court is not persuaded that its direct threat analysis was the product of a manifest error of law or fact. *Ryan*, 889 F.3d 507. The arguments he raises on this front are, again, largely reiterations of those he previously made in opposing summary judgment. The Court already considered and rejected those arguments in its original Order. *See generally* Filing 57 at 33–44. Because Bingham has not pointed this Court to any facts or law it overlooked in assessing these arguments such that the Court's failure to consider them would have been "manifest error," reconsideration is inappropriate on this front as well. *See Voss*, 917 F.3d at 626 n.6.

---

[3] Bingham also began his Motion for Reconsideration by addressing matters bearing on the Court's assessment of the direct threat affirmative defense. *See* Filing 59 at 2–5; 9–14. The Court has considered the entirety of Bingham's Motion for Reconsideration and addresses all issues relating to the direct threat affirmative defense in this portion of its Order.

### III.    CONCLUSION

After giving due consideration to the arguments and authority Bingham has raised in his Motion for Reconsideration, the Court is unconvinced that it committed a manifest error of law or fact when it granted summary judgment in Union Pacific's favor. Accordingly,

It is ORDERED:

1. Bingham's Motion for Reconsideration, Filing 59, is denied;

2. The Court's prior Memorandum and Order, Filing 57, and Judgment, Filing 58, remain in effect.

Dated this 12th day of December, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge